**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**CYNTHIA BAILEY,**

Plaintiff,

v.

**I.G. INCORPORATED, KATHY and GREG DOLPHIN, d/b/a INDUSTRIAL STAFFING; and MULTEK, INC.**

Defendants.

Civil No. 02-470 (MJD/JGL)

**O R D E R**

---

APPEARANCES

Steven Smith, Esq., appeared on behalf of Plaintiff Cynthia Bailey.

Chad Strathman, Esq., appeared on behalf of Defendant I.G. Incorporated.

Mark Mathison, Esq., appeared on behalf of Defendant Multek, Inc.

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on February 3, 2003, on Plaintiffs' Motion to Amend Complaint (Doc. No. 16). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. BACKGROUND

Plaintiff filed her Complaint against Defendants on February 27, 2002, alleging race discrimination under 42 U.S.C. § 1981 and the Minnesota

FILED 2-4-03
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD____
DEPUTY CLERK____

Human Rights Act; reprisal discrimination under the Minnesota Human Rights Act, and aiding and abetting discrimination under Minn. Stat. §363.03. When the parties convened to submit their Joint Rule 26(f) Report of counsel, Plaintiff disclosed that she intended to file a charge of discrimination under Title VII, and the parties accordingly agreed that all pleadings and amendments to the pleadings were to be completed by August 1, 2002, "except Plaintiff's claims under Title VII." Plaintiff waited until November 6, 2002, to file a charge of discrimination with the EEOC. At the same time, Plaintiff also requested from the EEOC a Right to Sue letter, which was issued to Plaintiff and Defendant I.G. Inc. on November 7, 2002.

When the EEOC received Plaintiff's charge, it sent a Notice of Charge of Discrimination to I.G. Inc. No such notice was provided to Multek, Inc. Multek's counsel has represented that he twice contacted the EEOC to inquire whether Multek was a named Respondent on Plaintiff's charge; the EEOC apparently twice informed Multek's counsel that Multek was not a named Respondent on the charge. When the EEOC issued a Right to Sue letter to Plaintiff, the letter was copied only to Plaintiff's counsel and I.G. Inc.; no copy was provided to Multek, nor was Multek named on the letter.

At the hearing on this matter, Plaintiff's counsel represented that the charge of discrimination Plaintiff filed with the EEOC did in fact name Multek as a Respondent. At the Court's request, Plaintiff's counsel forwarded to the Court a copy of the charge apparently filed with the EEOC, which names

Multek as a Respondent to the charge.

Plaintiff Bailey moves the Court for leave to amend her Complaint to add Title VII claims against Defendants for race discrimination and reprisal. Defendant I.G. Inc. does not contest Plaintiff's motion but expressly reserves its rights to assert appropriate defenses and objections to the claims. Multek opposes Plaintiff's motion. Because Plaintiff has 90 days from receipt of the Right to Sue letter to file a lawsuit alleging her Title VII claims, Plaintiff's counsel has indicated that Plaintiff will file a separate lawsuit alleging her Title VII claims if the motion is denied or not resolved within the next few days.

In support of her motion, Plaintiff argues that Multek had early notice of her Title VII claims and that there is accordingly no prejudice from the lack of formal notice by the EEOC of Plaintiff's filed charge of discrimination. Plaintiff further alleges that Multek is not prejudiced by any delay in asserting the Title VII claims because the facts supporting them are identical to the facts underlying her existing claims. Finally, Plaintiff also argues that the parties' agreement to exclude Plaintiff's Title VII claims from the August, 2002, amendment deadline is in fact a stipulation to allow the addition of Plaintiff's claims to the Complaint.

Defendant Multek opposes the motion on several grounds. Multek argues that the amendment would be futile because Multek was not an "employer" of Plaintiff, as Plaintiff worked at Multek's facility through a temporary agency. Multek further believes that amendment would be futile

because Plaintiff simultaneously filed her charge of discrimination and requested a Right to Sue letter, a practice not universally accepted by all courts. Multek claims that its failure to receive notice of the charge of discrimination and the Right to Sue letter constitutes a bar to Plaintiff's claims. Multek acknowledges that the facts supporting the Title VII claims may be identical to Plaintiff's existing claims, but Multek argues that it would be prejudiced by the late assertion of those claims because there are procedural and legal differences between the claims.

## II. DISCUSSION

Federal Rule of Civil Procedure 15(a) governs a party's right to amend its pleadings, and leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a) (1999). Courts have taken a liberal position in granting leave to amend, and such motions usually should be granted absent good reason for a denial. See Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989). Inclusion of a claim based on facts already known or available to both parties ordinarily does not prejudice the non-movant. See Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 694 (8th Cir. 1981) (citation omitted). Finally, an amendment to a pleading should be denied only if it asserts "clearly frivolous claims or defenses." Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994) (quoting Buder, 644 F.2d at 695).

This Court finds that leave should be given for Plaintiff to amend

her Complaint to assert her Title VII claims. The Court is disturbed by Plaintiff's inexplicable delays in filing her charge of discrimination and in moving for amendment, as the Court is unpersuaded that the parties stipulated to allow such amendment. Plaintiff's unacceptable delays have, at the very least, caused significant inconvenience to the parties. Nevertheless, because the facts of Plaintiff's existing claims and proposed claims are identical, the Court finds that the late amendment should cause no significant prejudice to Defendants. The interests of judicial efficiency further support Plaintiff's amendment in this case, as Plaintiff will initiate a second lawsuit arising out of identical facts if the motion is denied. The Court notes that the Defendants are more likely to be prejudiced if the motion is denied by being compelled to defend two lawsuits instead of one.

As to Multek's remaining objections regarding the likely futility of Plaintiffs' claims, the Court is without a sufficient factual record to determine that the claims will necessarily fail. This Court is relying upon counsel's representation that Plaintiff filed her charge of discrimination with the EEOC naming Multek as a Respondent. Whether or not Plaintiff has satisfied the administrative prerequisites to suit and was an "employee" of Multek are questions which can be more appropriately addressed by motion or trial upon consideration of a complete factual and legal record. Accordingly, Plaintiff may amend her Complaint to add her Title VII claims.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. No. 16) is **GRANTED.**

Dated: February 4, 2003

JONATHAN LEBEDOFF
Chief United States Magistrate Judge