**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**CYNTHIA BAILEY,**

Plaintiff,

v.

**I.G. INCORPORATED, KATHY and GREG DOLPHIN, d/b/a INDUSTRIAL STAFFING; and MULTEK, INC.**

Defendants.

Civil No. 02-470 (MJD/JGL)

**ORDER**

---

APPEARANCES

Steven Smith, Esq., for Plaintiff

Chad Strathman, Esq., for Defendant I.G. Incorporated

Mark Mathison, Esq., for Defendant Multek, Inc.

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before United States Chief Magistrate Judge Jonathan Lebedoff on February 20, 2003, on Defendant's Motion for Rule 35 Order and Extension for Time to Disclose Expert Report (Doc. No. 27). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. BACKGROUND

Plaintiff filed her Complaint against Defendants on February 27,

FILED 2-25-03
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2002, alleging race discrimination under 42 U.S.C. § 1981 and the Minnesota Human Rights Act; reprisal discrimination under the Minnesota Human Rights Act; and aiding and abetting discrimination under Minn. Stat. § 363.03. With respect to these claims, Plaintiff has made general allegations of humiliation, embarrassment, pain and suffering and emotional distress. On November 1, 2002, Defendant Multek disclosed that it intended to offer the expert testimony of Dr. Susan Phipps-Yonas on the subject of Plaintiff's emotional and mental anguish. Multek's counsel contacted Plaintiff's counsel in late January, 2003 and was informed that Plaintiff would not voluntarily submit to an independent medical examination by Dr. Phipps-Yonas. In response, Defendant Multek filed this motion for a Rule 35 Order and Extension of Time to Disclose an Expert Report.

Plaintiff is opposed to the Rule 35 Order based on the fact that she has made only general allegations of emotional distress. Plaintiff argues that she is not required to submit to an independent medical evaluation because her mental condition has not been placed in controversy and Multek has failed to establish good cause for such an exam. Plaintiff asserts that this case does not involve a liability claim for intentional infliction of emotional distress and that her claimed emotional distress was not unusually severe. She does not intend to offer expert testimony on the subject of psychological impairment, and she has never conceded that her condition is in controversy.

Defendant Multek contends that Plaintiff's mental condition is in

controversy because she claims damages from emotional distress and mental anguish. Multek notes that Plaintiff's wage loss claim accounts for only $17,680 of the total damages sought, leaving over $57,000 worth of potential damages in emotional distress and mental anguish. Finally, Multek argues that Plaintiff, in her deposition, did not deny that her mental condition was in controversy, allowing the Court to order an independent medical examination of her mental state.

## II. DISCUSSION

Federal Rule of Civil Procedure 35 allows the court to order an independent medical examination of a party when the person's mental condition has been placed in controversy. See Fed. R. Civ. P. 35. The order may only be made once good cause has been shown. Id. See also Schlagenhuf v. Holder, 379 U.S. 104, 118 (1964) (discussing the requirement of good cause in Rule 35 motions).

Factors which typically justify a request for an independent mental examination include: 1) the existence of a claim for infliction of emotional distress; 2) an allegation of a specific mental injury; 3) a claim of unusually severe emotional distress; 4) the plaintiff's offer of expert testimony in support of emotional distress claims; or 5) a concession by the plaintiff that her mental condition is "in controversy." O'Sullivan v. State of Minnesota, 176 F.R.D. 325, 328 (D. Minn. 1997). An allegation of emotional distress "that is merely a 'garden variety' claim related to mental condition does not by itself put the

matter into controversy." McCue v. H.B. Fuller Company, Civ. File No. 98-850 (December 23, 1998).

In the present case, Plaintiff has not asserted a claim of intentional infliction of emotional distress. Nor has she argued that she has a specific mental injury or unusually severe distress. Plaintiff has not proposed to offer any expert testimony on her mental condition, and she has not conceded that her mental condition is in controversy. For these reasons, this Court finds that Defendant Multek has failed to show that there is good cause for the Rule 35 examination. Because no Rule 35 examination will take place, Multek will not need an extension of time to disclose an expert report. Accordingly, Defendant Multek's motion is denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Multek's Motion for a Rule 35 Order and Extension of Time to Disclose an Expert Report (Doc. No. 27) is **DENIED**.

Dated: February 25, 2003

JONATHAN LEBEDOFF
Chief United States Magistrate Judge